1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7   STRIKE 3 HOLDINGS, LLC,                    Case No.  4:21-cv-00263-KAW
8                         Plaintiff,           **ORDER ON EX PARTE MOTION FOR
9         v.                                   LEAVE TO SERVE SUBPOENA PRIOR
                                               TO RULE 26(f) CONFERENCE**
10  JOHN DOE SUBSCRIBER ASSIGNED IP
    ADDRESS 162.237.79.93,                     Re: Dkt. No. 8
11
                          Defendant.
12

13        Plaintiff, Strike 3 Holdings, LLC, moves *ex parte* for leave to serve a third party subpoena

14  prior to a Rule 26(f) conference. The Court finds that:

15        1. Plaintiff has established that good cause exists for it to serve a third party subpoena on

16  AT&T U-verse ("Initial ISP Provider"). *See UMG Recording, Inc. v. Doe*, No. C 08-1193 SBA,

17  2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008); *Arista Records LLC v. Does 1–19*, 551 F.

18  Supp. 2d 1, 6–7 (D.D.C. 2008).

19        2.  Plaintiff may serve the Initial ISP Provider with a Rule 45 subpoena commanding it to

20  provide Plaintiff only with the true name and address of the Defendant to whom the Initial ISP

21  Provider assigned the IP address 162.237.79.93. Plaintiff shall attach a copy of this order to any

22  such subpoena.

23        3.  Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any

24  service provider that is identified in response to a subpoena as a provider of Internet services to the

25  Defendant (together with the Initial ISP Provider, the "ISPs").

26  ///

27  ///

28  ///

United States District Court
Northern District of California

1    4.  IT IS FURTHER ORDERED that subpoenas authorized by this order, and issued

2    pursuant thereto, shall be deemed appropriate court orders under 47 U.S.C. § 551, which provides

3    that "[a] cable operator may disclose [personally identifying] information if the disclosure is . . .

4    made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such

5    order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).  This order is an

6    order authorizing such disclosure.

7    5.  IT IS FURTHER ORDERED that each ISP will have **30 days** from the date of service

8    upon it to serve each of its subscriber(s) whose identifying information is sought with a copy of

9    the subpoena and a copy of this order. The ISPs may serve the subscribers using any reasonable

10    means, including written notice sent to the subscriber's last known address, transmitted either by

11    first-class mail or via overnight service.

12    6.  IT IS FURTHER ORDERED that each subscriber and each ISP shall have **30 days**

13    from the date of service upon him, her or it to file any motions in this court contesting the

14    subpoena (including a motion to quash or modify the subpoena). If the 30-day period lapses

15    without the subscriber contesting the subpoena, the ISP shall have **10 days** to produce to Plaintiff

16    the information responsive to the subpoena with respect to that subscriber.

17    7.  IT IS FURTHER ORDERED that any ISP that receives a subpoena shall preserve all

18    subpoenaed information pending the ISP's delivering such information to Plaintiff or the final

19    resolution of a timely filed motion to quash the subpoena with respect to such information.

20    8. IT IS FURTHER ORDERED that any information disclosed to Plaintiff in response to a

21    subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the

22    Copyright Act, 17 U.S.C. § 101 et seq.

23    9.  IT IS FURTHER ORDERED that any documents containing the name or other personal

24    identifying information of any current or proposed defendant shall be filed under seal.  In so

25    doing, Strike 3 is instructed to follow the procedure set forth in Civil Local Rule 79-5 for all

26    documents that it seeks to file under seal.  The redacted version of all documents in the public

27    record should redact only Defendant's name and any other personal identifying information.

28    Strike 3 shall continue to use the current caption of the case, including the assigned IP address, but

United States District Court
Northern District of California

1    may identify Defendant by name in the redacted portions of the sealed documents.

2         IT IS SO ORDERED.

3    Dated: February 1, 2021

4                                                    _____
                                                     KANDIS A. WESTMORE
5                                                    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California